**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4311**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE MARION BUTLER,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Henry M. Herlong, Jr., District Judge.  (CR-04-940)

---

Submitted:  September 23, 2005        Decided:  October 12, 2005

---

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

James Barlow Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie Marion Butler pled guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000), and was sentenced to forty-six months in prison, followed by a three-year period of supervised release. On appeal Butler's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that the district court may not have fully complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Butler's guilty plea, but stating he found no meritorious claims for appeal. Butler filed a pro se supplemental brief, alleging that his sentence is unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005), because the court increased his sentence based on facts that were neither contained in the indictment nor admitted by Butler. In accordance with Anders, we have considered the briefs and examined the entire record for meritorious issues. Finding no error, we affirm.

Butler did not seek to withdraw his guilty plea in the district court. Accordingly, we review his challenge to the propriety of the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). A plea is presumed to be final and binding if the Rule 11 hearing is adequate. United

States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). Our review of the plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy that assured Butler's plea was made both knowingly and voluntarily. See United States v. DeFusco, 949 F.2d 114, 117, 120 (4th Cir. 1991). Accordingly, we find Butler's guilty plea was knowing and voluntary and properly accepted by the district court.

We find no Sixth Amendment error in Butler's sentence. Butler argues in his pro se supplemental brief that the district court erred, in light of Booker, by enhancing his base offense level pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2004) upon its finding Butler's offense was committed subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. However, review of the indictment and transcript of the plea hearing reveals that Butler admitted to the facts that enhanced his base offense level. Specifically, Butler admitted to the special findings in the indictment that he "possessed the firearm and ammunition subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance." Therefore, the enhancement to Butler's base offense level and sentence was based on facts both contained in the indictment and admitted by Butler, rather than judicial factfinding.

Finding no meritorious issues upon our review of the record, we affirm Butler's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED